1  WRIGHT, FINLAY & ZAK, LLP
Nichole L. Glowin, Esq. SBN 262932
2  4665 MacArthur Court, Suite 200
Newport Beach, CA  92660
3  Tel: (949) 477-5050; Fax: (949) 608-9142
4  nglowin@wrightlegal.net

5  Attorneys for Movant,
6  NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER

7
8              UNITED STATES BANKRUPTCY COURT
9        SOUTHERN DISTRICT OF CALIFORNIA- SAN DIEGO DIVISION

10

| | |
|---|---|
| 11  In re: | )  Case No.:  17-07543-MM13 |
| | )  Chapter: 13 |
| 12  MARY HELEN GARCIA, | ) |
| | )  R.S. No. NLG-001 |
| 13            Debtor. | ) |
| | )  **STIPULATION FOR ADEQUATE** |
| 14 | )  **PROTECTION** |
| 15 | ) |
| | )  Date:          July 2, 2019 |
| 16 | )  Time:          2:00 PM |
| | )  Ctrm:          Dept. 1, Room 218 |
| 17 | )  Location:     325 West F Street |
| 18 | )                    San Diego, CA 92101 |
| 19 | ) |
| 20 | ) |
| 21 | ) |
| 22 | ) |
| 23  _____ | ) |

24           NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER ("Movant") through its

25  counsel of record Nichole L. Glowin, Esq. of Wright, Finlay and Zak, and Debtor MARY

26  HELEN GARCIA (hereinafter referred to as the "Debtor"), by and through her counsel of record

27  Toby K. Shanner, Esq., of Shanner & Associates, collectively sometimes referred to herein as the

28  "Parties," hereby stipulate and agree as follows:

**RECITALS**

1.    WHEREAS, on or about May 3, 2005, Debtor  and Oscar D. Garcia ("Co-Borrower") executed a promissory note ("Note") made payable to Courtesy Mortgage Company ("Lender") in the original principal amount of $359,600.00. The Note was and is secured by a Deed of Trust ("Deed of Trust") recorded against the real property located at 752 Monserate Avenue, Chula Vista, California 91910 ("Property") in the Official Records for the County of San Diego, California, on May 10, 2005, as Instrument No. 2005-0394753.

2.    WHEREAS, the Note and Deed of Trust were subsequently transferred and ultimately were delivered and assigned to Movant by affixing an endorsement and/or allonge to the Note, executing an Assignment of the Deed of Trust to Movant on May 28, 2019 ("Assignment"). Movant is in possession of the original Note and Deed of Trust and is therefore authorized to exercise all rights thereunder.

3.    WHEREAS, pursuant to the Note, Debtor and Co-Borrower were obligated to make monthly payments commencing July 1, 2005, and continuing on the first day of each consecutive month thereafter until June 1, 2035, when all outstanding amounts become due and payable. Pursuant to the Deed of Trust, attorneys' fees and costs incurred as a result of any bankruptcy case filed concerning the Property may be included in the outstanding balance under the Note.

4.    WHEREAS, on or about December 18, 2017, Debtor filed a unilateral Chapter 13 petition in the United States Bankruptcy Court for the Southern District of California, San Diego Division, as Case No. 17-07543-MM13 ("Bankruptcy Action"). The Co-Borrower Oscar D. Garcia was not included in the bankruptcy petition.

5.    WHEREAS, on or about March 9, 2018, the Court in the Bankruptcy Action entered an Order confirming Debtor's proposed Chapter 13 Plan ("Order Confirming Chapter 13 Plan"). Pursuant to the confirmed Plan, Debtor agreed to continue making the requisite post-petition mortgage payments directly to the Movant.

6.    WHEREAS, in or about March of 2018, Debtor defaulted post-petition under the terms of her Note and Deed of Trust by failing to make the post-petition mortgage payments due

to Movant. In light of Debtor's post-petition default, on or about April 22, 2019, Movant caused a Motion for Relief from the Automatic Stay to be filed in the Bankruptcy Action based on Movant's contention that Movant's interest in the Property was not adequately protected and that Debtor had breached the terms and conditions of her Note, Deed of Trust and Chapter 13 Plan by failing to make payments ("Relief Motion").

7.      WHEREAS, since the initial post-petition default in March of 2018 Debtor has made some post-petition payments to Movant which were applied to the most delinquent amount due. Currently, Debtor still owes Movant nine (9) post-petition payments for the months of September 1, 2018 through May 1, 2019 plus attorney fees and costs associated with the filing of the Relief Motion as follows:

> 9 regular payments at $1,656.49 each: $14,908.41
>
> MFR and APO Attorney Fees and Costs: $1,186.20
>
> Post-Petition Suspense Balance: ($1,130.72)
>
> **Total Post-Petition Delinquency: $14,963.89**

8.      WHEREAS, since the filing of the Relief Motion, Debtor and Movant, by and through their respective counsels of record, have initiated discussions to resolve Movant's Relief Motion via an adequate protection agreement and are desirous of resolving Movant's Relief Motion without incurring additional fees and costs in prosecuting and/or defending against the Relief Motion as set forth in the Stipulation below.

## STIPULATION

NOW, THEREFORE, it is hereby stipulated and agreed between the Parties hereto as follows:

1.      Debtor shall cure her post-petition arrearages in the amount of $14,963.89 to bring her loan account post-petition current with the Movant by tendering an additional $1,662.66 monthly adequate protection cure payment, in conjunction with their regular monthly mortgage payment of $1,656.49, subject to any interest or escrow account increases/changes, commencing July 1, 2019 and for the next 8 months thereafter, for a total of nine (9) months,

**STIPULATION FOR ADEQUATE PROTECTION**

until all arrearages are satisfied. Debtor shall tender said payments by sending a check or money order payable to "MR. COOPER," directly to the Movant at the following address and attention:

Nationstar Mortgage LLC d/b/a Mr. Cooper
P.O. Box 619094
Dallas, TX 75261-9741

2.      Commencing June 1, 2019, and within any grace period provided for under the Note, Debtor shall tender to Movant the regular monthly post-petition payments which become due under Movant's Note and Deed of Trust, and continuing on the first day of each consecutive month thereafter through the completion of Debtor's Bankruptcy Action.  Debtor shall make her regular monthly mortgage payment as set forth above by sending a check or money order payable to "MR. COOPER," directly to the Movant at the following address and attention:

Nationstar Mortgage LLC d/b/a Mr. Cooper
P.O. Box 619094
Dallas, TX 75261-9741

3.      Upon any default in the foregoing terms and conditions, Movant shall serve written notice of default to Debtor and Debtor's counsel of record, if any.  If Debtor fails to cure the default within 14 calendar days after mailing of such written notice, Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the Court may grant without further notice or hearing. All Notices of Breach shall be addressed to Debtor's Counsel as follows: Shanner & Associates, Attn: Toby K. Shanner, Esq., 7777 Alvarado Road, Suite 307, La Mesa, CA 91942. All Notices of Breach shall be addressed to the Debtor as follows: Mary Helen Garcia, 752 Monserate Avenue, Chula Vista, CA 91910.

4.      Notwithstanding anything contained herein to the contrary, the Debtor shall be entitled to a maximum of 3 notices of default and opportunities to cure pursuant to the preceding paragraph. Once Debtor has defaulted this number of times on the obligations imposed by this Stipulation and has been served with this number of notices of default, Movant shall be relieved of any obligation to serve additional notices of default and/or to provide additional opportunities to cure.  If an event of default occurs thereafter, Movant shall be entitled, without first serving a

STIPULATION FOR ADEQUATE PROTECTION

notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the Court may enter without further notice or hearing.

5.       The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case, i.e. the Bankruptcy Action.  If at any time, the stay is terminated with respect to the Property by Court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor.

6.       If Movant obtains relief from stay based on Debtor's defaults hereunder, the order granting that relief shall contain a waiver of the 14-day stay created by Federal Rule of Bankruptcy Procedure 4001(a)(3).

7.       If Movant obtains relief from stay based on Debtor's default hereunder, the order granting relief shall contain provisions terminating the co-debtor stay under 11 U.S.C. § 1301 on the same terms and conditions as the Debtor(s) herein.

8.       This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

9.       Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable non-bankruptcy law.

10.     Upon the Court's entry of the Order approving the Stipulation Granting Adequate Protection, the Parties respectfully requested that any scheduled hearing on the Relief Motion be taken off the Court's calendar.

11.     This Stipulation is not intended to impose any additional duties on the Chapter 13 Trustee. The Trustee is not under any duty to respond to any notices pursuant to this stipulation. If a hearing is requested pursuant to this stipulation, such hearing shall be calendared for, and shall occur on the Chapter 13 trustee's regular law and motion calendar.

1    IN WITNESS THEREOF, the Parties execute this Stipulation for Adequate Protection by

2  their respective undersigned counsel, or as otherwise set forth, as of the date set opposite their

3  respective signatures below.

4                                    WRIGHT, FINLAY & ZAK, LLP

5  Dated: May 31, 2019            By:    /s/ Nichole L. Glowin, Esq.

6                                         Nichole L. Glowin, Esq.
                                          Attorneys for Movant, NATIONSTAR
7                                         MORTGAGE LLC d/b/a MR. COOPER

8
                                    SHANNER & ASSOCIATES
9

10

11 Dated: May 31 2019            By:    /s/ThomasK Shanner
                                        Thomas K. Shanner, Esq.
12                                      Attorney for Debtor MARY HELEN GARCIA

13

14

15 Dated: May 31, 2019          By: Mary Helen Garcia
                                    Mary Helen Garcia
16                                  Debtor

17

18

19

20

21

22

23

24

25

26

27

28

6